UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

       Plaintiff,       Case No.: 8:11-cv-1405-T-33MAP

v.

DOLPHIN TOWERS CONDOMINIUM
ASSOCIATION, INC.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Great American Insurance Company of New York's Amended Motion to Strike Dolphin Towers Condominium Association, Inc.'s Affirmative Defenses (Doc. # 12), which was filed on August 25, 2011. Dolphin Towers filed a Response in Opposition to the Motion. (Doc. ## 8, 13). For the reasons that follow, the Court denies the Motion.

**I.**   **Background**

Great American initiated this action for declaratory relief on June 24, 2011, by filing a complaint against its insured, Dolphin Towers. Great American seeks a declaration that there is no coverage available to Dolphin Towers under the relevant policy of insurance. (Doc. # 1).

Dolphin Towers filed its answer, affirmative defenses, and counterclaims on July 19, 2011. (Doc. # 5). Specifically, Dolphin Towers asserted the following affirmative defenses:

**First Defense**
Dolphin Towers is entitled to reasonable attorneys' fees and costs, including expert fees, pursuant to Section 627.428 Fla. Stat. upon prevailing in this action in addition to prejudgment interest.

**Second Defense**
Any policy provisions in contravention of Florida Statutes or Florida law are deemed void or inapplicable.

**Third Defense**
Dolphin Towers has made a claim with Great American for payment of its building damage claim. Full payment is due and owing under the All Risk policy and is not subject to any exclusion. Great American cannot now seek the Court's intervention to re-write the terms of its policy.

**Fourth Defense**
Great American's position is not supported by the language in the policy.

**Fifth Defense**
Ambiguities in the terms of the policy, if any, should be construed against Great American and in favor of coverage for the insured.

**Sixth Defense**
Public Policy and judicial economy demonstrate that Great American's position is untenable.

(Doc. # 5 at 6-7).

Great American seeks to strike each and every one of Dolphin Towers's affirmative defenses. The Court will address the merits of the Motion with respect to each defense below.

**II. Legal Standard**

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Dolphin Towers's description of its defenses satisfies Rule 8.

Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v.

Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

III. **Analysis**

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willimar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

Dolphin Towers's affirmative defenses are not true affirmative defenses. They do not admit the allegations of the complaint but avoid liability based upon some negating factor. Rather, Dolphin Towers raises in its affirmative defenses factual, legal, and policy issues bearing on the sufficiency of Great American's complaint. Nevertheless, this Court is not inclined to strike the defenses. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-

290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10).

In the complaint, Great American seeks an order finding that there is no coverage available to the insured, Dolphin Towers, under the applicable policy of insurance. Dolphin Towers's defenses two through six attack the merits of Great American's complaint. Dolphin Towers asserts that Great American's position is not supported by the language in the insurance policy, that Dolphin Towers's claim for coverage is not subject to any policy exclusion, that the policy should be construed against the draftsman (Great American) and that Great American's position is void and against public policy.

-5-

The Court determines that each such defense passes muster under the standards noted above. Dolphin Towers's defenses put into issue relevant and substantial legal and factual questions. Furthermore, the defenses relate squarely to the coverage controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus declines to strike defenses two through six.

Dolphin Towers's first affirmative defense, which is a demand for attorneys' fees pursuant to Florida Statute § 627.428, stands alone in a separate category.[1] This demand is not a defense at all. Nevertheless, it is not subject to being stricken. Rule 8(c)(2) "Mistaken Designation" explains, "If a party mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated."

Dolphin Towers filed a breach of contract counterclaim and seeks attorneys' fees therein pursuant to Florida Statute § 627.428. This Court construes Dolphin Towers's first affirmative defense as a restatement of its counterclaim.

---

[1] Under Florida Statute § 627.428, policy holders are entitled to attorney's fees when they prevail in their claims against their insurance companies for insurance coverage.

"Pleadings must be construed so as to do justice." Rule 8(e), Fed.R.Civ.P. This Court determines that the defenses challenged are not subject to the draconian sanction of being stricken. Thus, the Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Great American Insurance Company of New York's Amended Motion to Strike Dolphin Towers Condominium Association, Inc.'s Affirmative Defenses (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of October, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record